UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RAYMOND BORKOWICZ,　　　)
　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　)
　v.　　　　　　　　　　　) 　 18-CV-4033
　　　　　　　　　　　　　)
JENNIFER BLAESING, *et al.,*　)
　　　　　　　　　　　　　)
　　　　Defendants.　　　　)

### **MERIT REVIEW AND CASE MANAGEMENT ORDER**

　　The plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

　　The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Circ. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

　　In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(citation

omitted). The court has also held a merit review hearing to give the plaintiff a chance to personally explain his claims to the court.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that he was issued a low-bunk permit in 2014, but that it either expired or terminated in April 2017. Plaintiff alleges that he was reassigned to a room in December 2017 where he was forced to sleep in the top bunk because his roommate had a low-bunk permit. Plaintiff alleges that security and medical staff were unable to determine whether he had a valid low-bunk permit because the doctor's notation in Plaintiff's medical records was not clear, and the doctor had since left employment at the TDF. Plaintiff alleges he subsequently fell at least twice in early 2018 as a result of climbing down from the top bunk, that STAs called for medical assistance, and that all the nurses did was sit him in a chair. Plaintiff alleges that his grievances on the issue were denied, and that Rushville's new doctor refused to issue him a permit.

Plaintiff cannot hold TDF security personnel liable for failure to provide a low bunk when he did not have a medically issued low-bunk permit issued to him at the time in question. In addition, the doctor's mere refusal to issue him a permit does not suggest that the decision lacked the requisite degree of medical judgment. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc).

**IT IS THEREFORE ORDERED:**

1. The plaintiff;s complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

2. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 10th day of April, 2018

/s/Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE